IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
MICHAEL EIDEH
        Petitioner             :
                               :           CIVIL ACTION NO.
        v.                     :
                               :             05-10607-JLT
UNITED STATES OF AMERICA,      :
        Respondent
```

GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Theodore B. Heinrich, Assistant United States Attorney for the District of Massachusetts, and files this response as follows:

Michael Eideh was indicted as a result of an extensive wiretap investigation by the Drug Enforcement Administration into crack cocaine trafficking in and around Lawrence, Massachusetts. Pursuant to a plea agreement, he pled guilty to conspiring to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 846 and 841 (Count One).  Eideh cooperated with the government pursuant to that plea agreement.

Eideh was a customer of the Marco Delapaz crack organization in Lawrence, a 24 hour crack distribution organization.  Eideh purchased approximately 160 rocks (25 grams) of crack cocaine during the two month wire tap investigation.  He would obtain crack for "customers" and would then keep a portion of the crack for himself to support his habit.

Eideh, age 43, had 19 criminal history points and is CHC VI. His offending started at age 31, and his convictions included robbery, breaking and entering, distribution of heroin, assault and battery on a police officer, violation of protective order, larceny, and possession of drugs. Eideh's career offender status put him at TOL 31/CHC VI with a range of 188-235 months (15½-19½ years). Absent career offender designation, Eideh's guideline range would have been 110-137 months (9-11 years).

Based on his substantial assistance, the government filed this motion pursuant to U.S.S.G. § 5K1.1 and recommended that the Court reduce the sentence by 25% and impose a sentence of 140 months' imprisonment. The Court imposed an even lower sentence of 72 months' imprisonment.

Petitioner now moves for relief pursuant to 28 U.S.C. § 2255. That section has a 1 year limitation period which runs, in this case, on the date his conviction became final. Eideh was sentenced on December 17, 2002 and judgment entered on January 17, 2003. He did not appeal. Therefore, his conviction became final in January of 2003. This petition, prepared in February and filed in March of 2005, is clearly outside the 1 year limitations period. On that basis alone, the motion should be denied without a hearing.

Petitioner raises three grounds for relief. Each is without merit. First, Eideh claims the government violated his privilege against self-incrimination when he was charged in an indictment

based on statements he made on the telephone.  As set forth above, the case against Eideh was based on a wire tap investigation. Interception of telephone conversations does not violate the privilege against self-incrimination, as there is no government compulsion. See Constitution, Fifth Amendment ("No person . . . shall be compelled in any criminal case to be a witness against himself")  Eideh was not compelled to speak about purchasing and distributing drugs on the telephone and his conversations were lawfully intercepted.  Moreover, he pled guilty and thereby waived any claims to this effect.

    Eideh next claims that his original plea was for 5 years but that the new prosecutor changed the length of his time.  This claim is not supported by any evidence.  The plea agreement set forth the conditions under which the government would file a substantial assistance motion and reserved the right to make a sentencing recommendation. See Plea Agreement ("The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.").  The government filed a substantial assistance motion and made a sentencing recommendation.  The Court imposed a lower sentence. There is no evidence of any other agreement no of any breach of such agreement by the government; to the contrary, the record plainly contradicts the claim. Summary dismissal of a petition is appropriate if "it plainly appears from the face of the motion that

the movant is not entitled to relief." Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995). In any event, the defendant has defaulted on this claim by failing to raise it at sentencing or on appeal. A federal prisoner's failure to raise an issue, either at trial or on appeal, is a procedural default. *See* Bousley v. United States, 523 U.S. 614 (1998)(procedural default where a federal prisoner failed to challenge the voluntariness of his guilty plea on direct appeal). For these reasons, this claim should also be denied without a hearing.

Finally, Eideh claims his "past record brought my length of sentence to a career criminal, which is way above my plea agreement, in turn I was forced to accept whatever sentence judge imposed." This statement fails to state a claim for relief. To the extent the claim is that he had an agreement with the government for a specific sentence, the record not only fails to support the claim, but definitively contradicts it. To the extent he complains that the Court had discretion in imposing sentence, Eideh merely accurately reflects the state of affairs at his sentencing. He fails to note that the Court exercised its discretion to Eideh's considerable benefit, reducing his sentence from a presumptive guideline range of 15½-19½ years and imposing a sentence of 6 years, well below what the government recommended and only 1 year more than the sentence which Eideh now apparently seeks. The petitioner fails to articulate, and the unimpeachable

facts of record fail to support, a claim that any constitutional violation occurred in connection with the sentencing in this case.

For all the foregoing reasons, Eideh's motion should be denied without a hearing.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                              /s/ Theodore B. Heinrich

                              THEODORE B. HEINRICH
                              ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Michael Eideh, Prisoner No. 23457-038
>FCI Fairton
>P.O. Box 420
>Fairton, NJ  08320

This 14th day of April, 2005.

>/s/ Theodore B. Heinrich
>THEODORE B. HEINRICH
>ASSISTANT UNITED STATES ATTORNEY