UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10607-JLT

MICHAEL EIDEH
Petitioner

v.

UNITED STATES OF AMERICA
Respondent

**REPORT AND RECOMMENDATION ON**

**PETITIONER'S APPLICATION FOR
WRIT OF HABEAS CORPUS
(Docket #1)**

ALEXANDER, M.J.

On March 24, 2005, the petitioner, Michael Eideh, a/k/a Mitch, acting *pro se*, filed a petition for a writ of habeas corpus with the District Court pursuant to 28 U.S.C. § 2255. Mr. Eideh's petition includes claims of prosecutorial misconduct and that his conviction was obtained by a violation of the constitutional privilege against self-incrimination. The case was referred to this Court for a Report and Recommendation, and, for the reasons set forth below, this Court RECOMMENDS that the petition for a writ of habeas corpus be DENIED.

**Relevant Background**

In 2000, the petitioner was indicted for conspiracy to posses with intent to distribute and to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841 and 846.  The indictment was a result of an extensive wiretap investigation by the Drug Enforcement Agency into crack cocaine trafficking in Lawrence, Massachusetts.  During the two-month wiretap investigation, the petitioner purchased approximately 25 grams of crack cocaine.  He obtained the crack for customers and then kept a portion of the crack for himself.

The petitioner ultimately entered into a plea agreement with the government, which set forth the conditions under which the government would file a substantial assistance motion and reserved the right to the United States Attorney to make a sentencing recommendation.  Pursuant to the agreement, the petitioner pled guilty, in March 2002, to conspiring to possess with intent to distribute more than 5 grams of cocaine base.  He also cooperated with the government in its investigation.  The government filed a motion, pursuant to U.S.S.G. § 5K1.1, recommending that the Court impose a sentence of 140 months' imprisonment.  The Court, however, imposed a lower sentence of 72 months' (6 years) imprisonment, followed by 48 months (4 years) of supervised release.  The petitioner was sentenced on December

17, 2002, and judgment was entered on January 13, 2003. The petitioner did not file an appeal of the judgment.

On March 24, 2005, the petitioner filed his motion for habeas relief. He alleges three grounds for relief: one claim that his conviction was obtained by a violation of the constitutional privilege against self-incrimination and two claims of prosecutorial misconduct relating to the plea agreement. More specifically, the petitioner claims that it was improper for the government to have been granted an indictment based on the tapped phone conversations because "drugs were never . . . mentioned on [the] phone." Furthermore, the petitioner alleges that his agreement with the original prosecutor, under which he would plead guilty in return for a 5-year sentence, was ignored by a different prosecutor who later took over responsibility for the case. The petitioner claims that since he had already pled guilty he did not have any recourse when the new prosecutor "changed [his] length of time." The petitioner also claims that he "was forced to accept whatever sentence [the] judge imposed", instead of his supposedly lower sentence from the plea agreement, because of his status as a career criminal.

**Analysis**

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence upon the ground that the sentence was imposed in violation of

the Constitution or a federal law, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255 Rule 1.  The statute also creates a one-year period of limitations for filing the motion:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The petitioner's motion does not raise any claims under subsection (2) that the government created an impediment to his making a habeas motion.  He also does not raise any issues regarding the Supreme Court's recognition of new rights under subsection (3).  As to subsection (4), the petitioner knew the facts supporting his claims – that he had career criminal status, that a new prosecutor was assigned to his case, and that his indictment was based on phone conversations – well before

there was a judgment in his case. Therefore, subsection (1), the date the judgment of conviction becomes final, is the only applicable portion of the statute in assessing the one-year period of limitations.

A judgment becomes final, for purposes of relief under § 2255, when the time for filing a petition for certiorari review expires. Clay v. U.S., 537 U.S. 522, 525 (2003). The expiration of this time period "start[s] the clock on § 2255's one-year limitation period." Id. In the instant case, however, the petitioner did not appeal his original judgment. Therefore, the judgment of conviction became final after the time expired for filing a direct appeal. See Oliveras v. U.S., No. Civ.02-2269, 2004 WL 1202732, at *2 (D.P.R. Apr. 6, 2004) (Magistrate Judge Report and Recommendation holding that when there is no appeal, the judgment of conviction becomes final upon expiration of the 10-day period when a direct appeal could have been filed).

Judgment was entered against the petitioner on January 13, 2003. Under Fed. R. App. P. 4(b)(1)(A)(i), a criminal defendant's notice of appeal must be filed within ten (10) days after entry of the judgment. Accordingly, the petitioner had until January 28, 2003,[1] to file notice of an appeal  The one-year period during

---

[1] In computing any period of time, the day of the act or event from which the designated period of time begins to run is not included. Fed. R. Civ. P. 6(a). Furthermore, when the period of time prescribed is less than 11 days, as is the case here, intermediate Saturdays, Sundays and legal holidays, such as Martin

which the petitioner could have filed his habeas petition therefore commenced on January 29, 2003, and expired on January 29, 2004. The petitioner filed his habeas motion on March 24, 2005, well over one year after the statue of limitations had expired. The petition is untimely and must therefore be denied.

**Conclusion**

For the foregoing reasons, this Court RECOMMENDS that the District Court DENY the habeas petition.

SO ORDERED.

| | |
|---|---|
| 6/30/05 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |

---

Luther King Day, shall be excluded. Id. In 2003, Martin Luther King Day fell on January 20.